BLEICH (Ad Hoc), J.-,
concurring.
|]I do not agree that the issue of whether an intentional, act occurred has been dispositively answered in this matter. The pretrial determination of this substantive issue-is via a motion for summáry judgment, not a dilatory exception of prematurity.
I concur, however, in the result that this action which is duplicative of the complaint filed with the PCF could be dismissed as premature without prejudice. In this regard, I note that the better solution may have been for the trial court to stay the current action pending the decision of the medical review panel, with'a view toward a possible .consolidation. In my view, the allegations of intentional wrongdoing remain viable in the PCF complaint and should be decided if pursued by the plaintiffs. Assuming arguendo, that the medical review panel finds no breach of the standard of care, that is not dispositive of the standard of care issue nor the issue of inténtional tort. The allegations of intentional wrongdoing still exist subject to further ruling by only the trial court. I do not believe it was the legislature’s intent *495 that suits for damages based on intentional acts be held hostage by the medical malpractice act. However, a separate and concurrent action for intentional tort is unnecessary and creates an inefficient situation for- the resolution of related and' intertwined claims, hence the policy against piecemeal litigation.
The purpose of urging prematurity is that a matter is not ripe for hearing. Unless the legislature clearly defines a singular process for this type of case, thé intentional tort claim will be subject to a delay until the medical malpractice claims are brought to trial. This creates in our law a [ 2dilemma, for litigants, their counsel and courts, which will exist until the legislature prescribes a solution to the problem.